UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEAVENLY HANDS PHYSICAL
THERAPY, LLC,

Plaintiff,

v.

ALLSTATE FIRE AND
CASUALTY INSURANCE CO.,

Defendant.

Case No. 23-10602
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO STRIKE EXPERT WITNESSES (ECF NO. 26) AND
MOTION TO PRECLUDE SURVEILLANCE (ECF NO. 27); AND
DENYING PLAINTIFF'S MOTION FOR DEFAULT (ECF NO. 28)**

I.      **Introduction**

Plaintiff Heavenly Hands Physical Therapy, LLC, seeks repayment of

first party no-fault benefits from Defendant Allstate Fire and Casualty

Insurance Company for rehabilitative services provided after a motor

vehicle accident.  ECF No. 1.  Both parties consented to the undersigned

conducting all proceedings under 28 U.S.C. § 636(c).  ECF No. 9; ECF No.

11.

Plaintiff moves to strike defendant's expert witnesses because

defendant violated Federal Rule of Civil Procedure 26(a)(2).  ECF No. 26.

Plaintiff also seeks to preclude defendant's use of surveillance at trial because defendant did not disclose any information about surveillance during discovery.  ECF No. 27.  Last, plaintiff moves for default, arguing that defendant failed to facilitate in good faith and violated the local rules. ECF No. 28.  The Court will address each in turn.

## II.    Analysis

### A.

Under Rule 26(a)(2), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705."  Rule 26(a)(2)(A).  Disclosures are required for each expert, regardless of whether the expert has been specially retained to provide expert testimony.  Rule 26(a)(2)(B) & (C).

Defendant's expert disclosures were due on September 25, 2023, but plaintiff states that defendant made none.  ECF No. 13; ECF No. 26, PageID.292, 295.  In a single-sentence response, defendant "denies that it failed to disclose experts or provide a report for the reason that Dr. Orloski was identified in Defendant's Witness List and Initial Disclosures."  ECF No. 31, PageID.402.  In its April 2023 initial disclosures, defendant did identify Kevin R. Orloski, M.D., D.C., as a chiropractic consultant who "will testify as to his findings on the examination and/or on review of the records of

2

plaintiff's treatment of the patient Khattar Zalghout as to reasonableness and necessity."  ECF No. 26-3, PageID.306.

But to satisfy Rule 26(a)(2), an expert "report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources."  *R.C. Olmstead, Inc., v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (cleaned up).  "Expert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions."  *Id.* (cleaned up).  Defendant's cursory summary of Dr. Orloski's expected testimony in its initial disclosures falls well short of the expert disclosure required under Rule 26(a)(2).

When, as here, a party fails to make timely expert disclosures, it "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless."  Rule 37(c)(1).  Courts consider five factors to determine whether to strike an expert witness:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (cleaned up).  The party who failed to make timely disclosures bears the burden of showing

3

substantial justification or harmlessness. *Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144, 147 (E.D. Mich. 2020).  In its response, defendant made no effort to carry its burden of showing a substantial justification or harmlessness.

Besides, incomplete disclosures cannot be cured if discovery is closed or trial is imminent because allowing supplementation of expert disclosures would "disrupt the orderly flow of litigation." *Kassim v. United Airlines, Inc.*, 320 F.R.D. 451, 454 (E.D. Mich. 2017); *see also Waldowski v. Consumers Energy Co.*, No. CV 19-12762, 2021 WL 5104578, at *3 (E.D. Mich. Nov. 3, 2021).  Here, discovery closed in October 2023 and trial is set for July 2024, so it is too late for defendant to cure its failure to make expert disclosures.  ECF No. 13; ECF No. 23.  The Court thus grants plaintiff's motion to strike defendant's experts.  ECF No. 26.  Defendant's witnesses may testify to what they observed but may offer no expert opinion.  *See Kassim*, 320 F.R.D. at 455.

### B.

Plaintiff moves to preclude defendant's potential use of surveillance at trial because defendant did not disclose any information about surveillance during discovery.  ECF No. 27.  Defendant filed no response, so it has waived any opposition to the relief sought.  *Design Basics, LLC v.*

4

*Chelsea Lumber Co.*, 977 F. Supp. 2d 714, 736 (E.D. Mich. 2013).  Thus,

the Court grants plaintiff's motion to preclude defendant's use of

surveillance at trial, ECF No. 27.

**C.**

Plaintiff also seeks default or sanctions against defendant for its

failure to facilitate in good faith and for violating E.D. Mich. LR 16.4.  ECF

No. 28.  Plaintiff argues that defendant did not appear with settlement

authority in the October 2023 facilitation, that defendant's adjuster did not

appear on time at the one in December 2023, and that defendant never

served facilitation summaries.  *Id.*, PageID.346-347.  Plaintiff asks the

Court to enter a default against defendant for violating Rule 16.4, sanction

defendant $2,500.00, and award $5,000.00 in attorney fees and costs for

plaintiff's counsel "appearing at two facilitations in which Defendant chose

not to participate."  *Id.*, PageID.348.

Defendant responds that "upon information and belief, a summary

was prepared" but "may not have been received by the mediator as the

result of a technological error."  ECF No. 30, PageID.400.  Defendant also

argues that the adjuster at the facilitations had settlement authority and

that, while the adjuster was late to the December facilitation, defendant

notified the facilitator of the delay.  *Id.*

Local Rule 16.4 states that "no later than seven calendar days before the mediation session, each party must provide the mediator with a concise memorandum stating the party's position, including issues of both liability and damages." E.D. Mich. LR 16.4(e)(3). And for cases involving insurance carriers, "an insurer representative with settlement authority" must attend the facilitation in person. Rule 16.4(e)(5).

But plaintiff "neglects to cite even one authority supporting" its argument that defendant's alleged violations of Rule 16.4 are sanctionable, "thus this argument is deemed waived." *United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004); *see also McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed augmentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.") (cleaned up).

And though plaintiff argues that defendant did not act in good faith, it does not claim that defendant altogether failed to attend the facilitations. *Cf. Salim v. Dynamic Glazing Systems, Inc.*, No. 2:17-CV-11297, 2018 WL 2184005, at *1-2 (E.D. Mich. Feb. 7, 2018) (plaintiff violated Rule 16.4(e)(5) by skipping a court-ordered facilitation and then lying about the reason for

not attending).  If the facilitator had insufficient information to proceed with

settlement discussions, he could have canceled the settlement.  And it is

not uncommon for a party to perceive its opponent of acting in bad faith

during settlement discussions, but for the other party to perceive its

negotiating position as valid.  This Court declines to decide whose

perspective should prevail because doing so may require the parties to

disclose confidential settlement discussions and because neither party is

obligated to agree to a settlement.

Thus, plaintiff's motion for default, ECF No. 28, is denied.

## III.    Conclusion

Plaintiff's motions to strike defendant's experts and preclude

surveillance at trial are **GRANTED** (ECF No. 26; ECF No. 27); but plaintiff's

motion for default is **DENIED** (ECF No. 28).

<br>

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
Dated: March 11, 2024                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 11, 2024.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager