UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HEAVENLY HANDS PHYSICAL THERAPY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE CO.,<br><br>Defendant. | Case No. 23-10602<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER DENYING THE PARTIES' MOTIONS FOR PARTIAL SUMMARY JUDGMENT (ECF NOS. 24 & 25)**

## I.   Introduction

Plaintiff Heavenly Hands Physical Therapy, LLC, seeks repayment of first party no-fault benefits from Defendant Allstate Fire and Casualty Insurance Company for rehabilitative services provided to Khattar Zalghout for his injuries from a motor vehicle accident. ECF No. 1. Both parties consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c). ECF No. 9; ECF No. 11.

Both parties moved for partial summary judgment under Federal Rule of Civil Procedure 56(a). ECF No. 24; ECF No. 25. For the reasons below, the Court **DENIES** both motions.

## II. Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**B.**

The Court first addresses Allstate's motion for partial summary judgment. As stated, a party "must specify the portions *of the record* that show the absence of a genuine dispute as to any material fact." *Celotex*, 477 U.S. at 323 (emphasis added). And a party seeking or resisting summary judgment must rely on evidence that would be admissible at trial. *Wiley v. United States*, 20 F.3d 222, 226 (6th Cir. 1994).

Allstate argues that Heavenly Hands presented it with charges for whirlpool therapy, gait training including stair climbing, and paraffin bath, but that the expenses were not actually incurred. ECF No. 24. In support, Allstate relies only on Zalghout's deposition testimony from a Wayne County Circuit Case between Zalghout and itself, Case No. 22-009515-NF. *Id.*, PageID.178-179. During the deposition, Allstate's defense counsel asked Zalghout if he had those therapies at Heavenly Hands, and Zalghout said that he did not. *Id*. In response to Allstate's motion, Heavenly Hands argues that the testimony is inadmissible because it was not disclosed before the October 2023 discovery deadline. *See* ECF No. 29-3, PageID.397. Allstate filed no reply.

Allstate does not meet its initial burden at the summary judgment stage because it fails to show that the deposition testimony it relies on is part of the record.  First, Allstate has not shown that using the deposition is allowable under Federal Rule of Civil Procedure 32(a)(1)(A).  That rule permits use of deposition testimony against a party on the condition that "the party was present or represented at the taking of the deposition or had reasonable notice of it or the Federal Rules of Evidence."  Allstate does not dispute that the Heavenly Hands was neither a party to the deposition nor informed about it until Allstate served Heavenly Hands with a copy of the transcript after discovery closed.

Allstate's belated disclosure also violated Federal Rule of Civil Procedure 26.  *See* Rule 26(a)(1)(A)(ii) (requiring initial disclosure of "all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment"); Rule 26(e) (requiring supplementation to correct incomplete initial disclosures).  As such, Allstate may not rely on the deposition testimony unless its failure to disclose the transcript was substantially justified or harmless.  Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e),

4

the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Allstate bears the burden of showing substantial justification or harmlessness; Heavenly Hands does not shoulder the burden of showing prejudice. *Dobbins v. Greyhound Lines, Inc.*, 336 F.R.D. 144, 147 (E.D. Mich. 2020). Because Allstate made no effort to sustain its burden, the Court finds that it may not use the deposition transcript to support its motion for summary judgment.

The Court thus denies Allstate's motion.[1]

## C.

Heavenly Hands moves for partial summary judgment, asking the Court to strike Allstate's affirmative defenses, hold an evidentiary hearing to determine a fee schedule rate, and award penalty interest and attorney's fees. ECF No. 25, PageID.205-213. Because Allstate twice missed its deadlines, the Court struck its response to Heavenly Hands' motion. ECF

---

[1] In its response, Heavenly Hands asks the Court to sanction Allstate. But "[m]otions must not be combined with any other stand-alone document," meaning that Heavenly Hands could not combine its response with a counter-motion requesting affirmative relief. EDMI Electronic Filing Policies and Procedures, R5(f). The Court will not consider the affirmative relief Heavenly Hands requests in its response brief.

5

No. 40.  But Heavenly Hands still "bears the burden of demonstrating the absence of a genuine issue as to a material fact"; the moving party "must always bear this initial burden regardless if an adverse party fails to respond."  *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).  Heavenly Hands does not meet this burden.

First, Heavenly Hands says that the Court should strike the affirmative defenses because Allstate has no independent medical examinations (IMEs), expert opinions, or surveillance logs to support the denial of bills.  ECF No. 25, PageID.205, 209.[2]  But Heavenly Hands does not specify any affirmative defenses nor set forth legal authority showing that the affirmative defenses require such evidence.  Its conclusory argument that all affirmative defenses should be dismissed is not enough, as courts in this circuit routinely treat as waived issues "'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation[.]'"  *ECIMOS, LLC v. Nortek Global HVAC, LLC*, 736 F. App'x 577, 583-84 (6th Cir. 2018) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997)).  "It is not sufficient for a party to mention a

---

[2] In March 2024, the Court struck Allstate's expert witnesses and precluded the use of surveillance logs at trial.  ECF No. 34, PageID.414.

6

possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson*, 125 F.3d at 995-96 (cleaned up).

Heavenly Hands also argues that Allstate never paid it any benefits and now owes penalty interest for the overdue payment. ECF No. 25, PageID.207-208, 211-212. Under the Michigan No-Fault Act, "an insurer is liable to pay benefits for accidental bodily injury arising out of" an automobile accident. Mich. Comp. Laws. § 500.3105(1). Benefits are payable for "allowable expenses consisting of reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." *Id.*, § 500.3107(1)(a). In other words, to hold a no-fault insurer responsible for benefits, the expense must have been (1) incurred; (2) reasonably necessary for the injured person's care, recovery, or rehabilitation; and (3) a reasonable amount. *See Bonkowski v. Allstate Ins. Co.*, 544 F. App'x 597, 600 (6th Cir. 2013) (citing *Nasser v. Auto Club Ins. Ass'n*, 435 Mich. 33, 50 (1990)). Heavenly Hands has the burden to prove that the expenses were reasonable. *Id.*

Heavenly Hands argues that it provided reasonable treatment to Zalghout and submitted medical documentation, so Allstate should have paid the benefits. ECF No. 25, PageID.207-208. It also says that the Court should award it penalty interest for the overdue payment of benefits, citing

7

an Allstate doctor's opinion to show that physical therapy was reasonable and necessary for at least three months.  *Id.*, PageID.211-212; ECF No. 25-12, PageID.286.  And Heavenly Hands states that a fee schedule applies to the medical bills so that "there can be very little dispute over the amount owed."  ECF No. 25, PageID.209.

But a jury question remains about whether the expenses Heavenly Hands alleges were incurred.  Though Allstate's motion for summary judgment on that issue is denied, there is insufficient evidence for the Court to decide as a matter of law that Heavenly Hands' billing was accurate.  And though Allstate's expert found that Zalghout needed reasonable treatment for three months following the accident, that does not mean that Heavenly Hands has met its burden of showing that the treatment it provided was entirely reasonable.

In sum, Heavenly Hands points to weaknesses in Allstate's case, but it has not shown that no genuine issues of material fact exist.

### III. Conclusion

The Court **DENIES** both parties' motions for partial summary judgment (ECF No. 24; ECF No. 25).

**IT IS SO ORDERED.**

Dated: June 12, 2024

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 12, 2024.

s/Donald Peruski  
DONALD PERUSKI  
Case Manager