UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HEAVENLY HANDS PHYSICAL THERAPY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 23-cv-10602<br><br>Magistrate Judge Elizabeth A. Stafford |

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION TO ADJOURN THE TRIAL SCHEDULE (ECF NO. 42)**

Plaintiff Heavenly Hands Physical Therapy, LLC, moves to adjourn the trial schedule. ECF No. 42. Defendant Allstate Fire and Casualty Insurance Company concurs in the motion. ECF No. 43. Under Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4), the Court may modify the trial schedule for good cause.

Heavenly Hands contends that good cause supports adjourning the trial schedule because its attorney, Stephen Hardy, booked a nonrefundable trip and is travelling abroad from June 23, 2024, through July 7, 2024. Thus, he is unavailable to prepare for the trial scheduled for

July 16, 2024, including drafting pretrial submissions due by July 1, 2024, or appearing for the final pretrial conference on July 8, 2024.

Mr. Hardy has not shown good cause for an adjournment. The Court entered the trial order in January 2024 and scheduled the trial for July 2024. Yet Mr. Hardy booked his trip in March 2024, *after* the order was entered:[1]

```
Date of Purchase: Mar 14, 2024

Detroit, MI ▶ Rome, Italy
Passenger Information
STEPHEN FITZPATR HARDY                    Confirmation Number: HMZGJN
SkyMiles#: ███████                        Ticket Number: ███████
███████
SkyMiles#: ███████
███████
```

Although Mr. Hardy knew about this scheduling conflict since March, he did not seek an adjournment until mid-June.

Mr. Hardy argues that he did not seek an adjournment earlier or file timely motions in limine because he reasonably believed that the Court would grant Heavenly Hands' motion for summary judgment filed in

---

[1] The Court has redacted the names of Mr. Hardy's family members, SkyMiles account numbers, and ticket numbers. It has not redacted the trip confirmation number, as Mr. Hardy included that information in his publicly filed motion.

January 2024. His misguided presumption about the outcome of the dispositive motion is not good cause. And Mr. Hardy cites no authority stating that the pending dispositive motions relieved him of his obligation to comply with other deadlines. It is in fact common for parties to file motions in limine while dispositive motions remain pending. *See, e.g.*, Mots. In Limine, *Gould Elec. Inc. v. Livingston Cnty. Rd. Comm'n*, No. 17-11130 (E.D. Mich.), ECF Nos. 92, 109, 112. If Mr. Hardy wished to adjourn the motion in limine deadline, he could have sought that relief before the motions were due. He did not.

Last, Mr. Hardy faults the Court for not scheduling the dispositive motions for oral argument, suggesting that trial could not take place before a hearing on the pending motions. But it is within the Court's discretion to decide motions on the briefs when oral argument will not assist in the decisional process. *See* E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). And Mr. Hardy admits that he did not contact the Court about oral argument until April 2024—well after he already booked his trip.

Although Mr. Hardy has not shown good cause, the Court, in its discretion, nonetheless **GRANTS** Heavenly Hands' motion to adjourn because of Mr. Hardy's unavailability. The deadlines below apply:

3

- Motions in Limine:  August 30, 2024

- Pretrial filings:[2]  September 3, 2024

- Final pretrial conference:  September 9, 2024, at 1:00 p.m.

- Trial:  October 1 – October 7, 2024, weekdays, 9:00 a.m. to 2:00 p.m.

Dated: June 26, 2024                              s/Elizabeth A. Stafford
                                                  ELIZABETH A. STAFFORD
                                                  United States Magistrate Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 26, 2024.

                                                  s/Donald Peruski
                                                  DONALD PERUSKI
                                                  Case Manager

---

[2] Pretrial filings include: (1) a joint final pretrial order, (2) proposed jury instructions, (3) proposed verdict forms, (4) proposed voir dire questions, and (5) proposed exhibits.  The instructions described in the Court's last trial order apply (see ECF No. 23).