UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| HEAVENLY HANDS PHYSICAL THERAPY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,<br><br>Defendant. | Case No. 23-cv-10602<br><br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTIONS IN LIMINE (ECF NOS. 46, 47, 48, 49)**

Plaintiff Heavenly Hands Physical Therapy, LLC, filed four motions in limine.  ECF No. 46; ECF No. 47; ECF No. 48; ECF No. 49.  The Court addressed the motions during a final pretrial conference held on September 11, 2024.  For the reasons stated on the record, the four motions are **DENIED**.

In one motion, Heavenly Hands seeks to preclude Defendant Allstate Fire and Casualty Insurance Company from introducing certain exhibits as evidence.  ECF No. 46.  The parties resolved those evidentiary issues except for whether the deposition testimony of Khattar Zalghout from a

state-court case could be used.  The parties recognized the Court's previous ruling that the deposition is inadmissible because Allstate failed to disclose it during discovery and that this error was not substantially justified or harmless.  ECF No. 41, PageID.497-498.  But they dispute whether the deposition can be used for other purposes during trial (e.g., impeachment, refreshing a witness's recollection).  Any such issues will be resolved during trial on a question-by-question basis and in a manner that comports with the Federal Rules of Evidence and the Federal Rules of Civil Procedure.  Thus, this motion is **DENIED**.

In its other three motions in limine, Heavenly Hands seeks to limit Allstate's arguments and witness testimony on elements central to the claims.  ECF No. 47; ECF No. 48; ECF No. 49.  But "motions in limine are meant to deal with discrete evidentiary issues related to trial, and are not another excuse to file dispositive motions disguised as motions in limine." *Dunn ex rel. Albery v. State Farm Mut. Auto. Ins. Co.*, 264 F.R.D. 266, 274 (E.D. Mich. 2009).  As stated on the record, the Court **DENIES** these motions, as they amount to dispositive motions improperly disguised as motions in limine.

As discussed on the record, the parties must file a joint final pretrial order, proposed voir dire, jury instructions, and a verdict form by

**September 25, 2024**.  Those submissions must be made to the Court's NEF email address as opposed to being filed on the public docket.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: September 11, 2024

### NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

### CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to

their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 11, 2024.

s/Julie Owens<br>
JULIE OWENS<br>
Case Manager